**[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 295.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. MULLEN.

[Cite as *Disciplinary Counsel v. Mullen*, 1995-Ohio-319.]

*Attorney at law—Misconduct—Indefinite suspension—Conviction of corrupting another with drugs.*

(No. 95-765—Submitted May 23, 1995—Decided August 23, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-70.

_____

{¶ 1} On December 6, 1993, relator, Office of Disciplinary Counsel, charged that respondent, D. Michael Mullen, Attorney Registration No. 0007345, had been convicted of four counts of corrupting another with drugs in violation of R.C. 2925.02(A)(4)(a), a felony of the second degree , and had thereby violated DR 1-102(A)(3) (illegal conduct involving moral turpitude), (5) (conduct prejudicial to the administration of justice), and (6) (conduct that adversely reflects on fitness to practice law). The chairman of a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard the matter on March 8, 1995 and, with respondent's consent, subsequently provided a complete record of the proceedings to other panel members. Respondent, whose license to practice law was suspended on October 15, 1993 pursuant to Gov.Bar R. V(5)(A) (interim suspension for felony conviction), see 67 Ohio St.3d 1477, 620 N.E.2d 850, was incarcerated at the time of the hearing and participated telephonically.

{¶ 2} Respondent's four convictions resulted from his having provided Valium to two minor females who lived in his neighborhood in March 1993. On September 20, 1993, he was sentenced to five to fifteen years on each count, with the sentences to be served concurrently. The trial court suspended two years on each count, but ordered respondent to serve three years' actual incarceration and a

five-year probation after his release. The trial court also ordered respondent to submit to alcohol, drug, and psychological counseling, as needed, after his release and during the probation period.

{¶ 3} Respondent's convictions were affirmed on appeal, but at the hearing he continued to deny having committed these offenses. He said that the two girls from his neighborhood may have falsely accused him to cover up for their having gone to a party without permission. Respondent said the girls' stepfather told respondent that one of the girls admitted lying about receiving Valium from him. Further, respondent alleged in an affidavit accompanying his petition for postconviction relief that a boy in the neighborhood told respondent that he saw one of the girls getting the drug from someone else. Neither witness was presented at trial.

{¶ 4} In addition, respondent proposed that his prosecution resulted from a vendetta against him by a former assistant prosecutor. He also denied ever having abused drugs of any kind. Respondent said he suffers from agoraphobia and takes Xanax for this disorder, but he further denied that he had ever used Valium.

{¶ 5} The panel found that respondent had violated DR 1-102(A)(3),(5) and (6). In recommending a sanction for this misconduct, the panel considered many letters from respondent's friends and professional acquaintances, some of whom expressed doubt that he was guilty of these felonies. However, the panel accepted the sanction suggested by relator and recommended that respondent be indefinitely suspended from the practice of law, with no credit for the time his license has already been suspended.

{¶ 6} The board adopted the panel's report, including its findings of fact, conclusions of law, and recommendation.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Alvin Mathews*, Assistant Disciplinary Counsel, for relator.

*D. Michael Mullen, pro se.*

_____

**Per Curiam.**

{¶ **7**} We have reviewed the record and concur in the board's findings of misconduct and its recommended sanction. Respondent is therefore suspended indefinitely from the practice of law in Ohio and shall receive no credit for the suspension of his license since October 15, 1993. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____